UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLAN BLUE,

    Plaintiff,

v.                                                                    Case No: 6:17-cv-1428-Orl-31TBS

MATTAMY ORLANDO LLC and
MATTAMY FLORIDA LLC,

    Defendants.

## ORDER

This matter comes before the Court on Defendants' Motion to Compel Plaintiff's Responses to Defendants' Second Request for Production of Documents and Second Set of Interrogatories (Doc. 31). Plaintiff has failed to respond to the motion and the time within to do so has expired.

Plaintiff did file a motion for an extension of time to respond to Defendants' interrogatories in which he explained that he has been unable to get his case file from his former lawyer (Doc. 32). The Court denied the motion without prejudice because it did not contain a certificate of service or the certificate required by Local Rule 3.01(g) (Doc. 33). Plaintiff has not refiled his motion for an extension of time.

"When a party fails to respond, that is an inclination that the motion is unopposed." Foster v. Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (citing Jones v. Bank of America, N.A., 564 F. App'x 432, 434 (11th Cir. 2014)); Strykul v. PRG Parking Orlando, L.L.C., Case No. 6:14-cv-211-Orl-31GJK, 2015 WL 789199, at *2 (M.D. Fla. Feb. 24, 2015). Plaintiff has given no indication that he opposes Defendants' motion. Rather, he has asked for more time to answer Defendants'

interrogatories. Now, the Court proceeds on the basis that Defendants' motion is unopposed.

Plaintiff alleges that he was employed by Defendants as a senior builder in the home design and building industry since September 2013 (Doc. 2, ¶¶ 6-7). On or about October 11, 2016, Plaintiff's doctor, Dr. Mamone, said Plaintiff would need to take time off from work due to uncontrolled hypertension and to get his blood pressure under control (Id., ¶¶ 9-10). Dr. Mamone recorded this medical advice in a note gave to his human resources ("HR") contact person, Sandra Shields, and (at Ms. Shield's encouragement) his insurance company, Cigna (Id., ¶ 9). Plaintiff worked "on and off" until December, 2016 when all of Defendants' employees received paid time off for the holidays until January 2, 2017 (Id., ¶ 12).

Plaintiff represents that "[o]n or about January 9, 2017, Wade Wilson, Vice President of Construction, left a voicemail for [him] demanding his doctor's note" (Id., ¶ 13). On January 10, 2017, Mr. Wilson called Plaintiff again, demanding to know why Plaintiff had taken leave under the Family and Medical Leave Act ("FMLA") and followed his phone call with an email that informed Plaintiff he was suspended without pay, effective January 6, 2017 (Id., ¶¶ 14-15). Plaintiff provided all relevant information to his immediate supervisor, Jon Quick, which was his practice (Id., ¶ 16).

Plaintiff alleges that Defendants retaliated against him for using FMLA leave in several ways. First, ever since Plaintiff gave Dr. Mamone's note to Ms. Shields his work "passwords has been rejected and he has been unable to access his personal information, retrieve any sick or vacation time amounts, and see his pay stub information …" (Id., ¶ 17). Plaintiff notified HR about his FMLA leave and his inability to access his work computer and was told to submit the doctor's note to Cigna (Id., ¶ 18). Second,

Defendants allegedly retaliated against Plaintiff by refusing to reinstate him to "his position as full-time Senior Builder, or a position substantially similar, at the same rate of pay, as mandated by the FMLA." (Id., ¶ 19). Defendants terminated Plaintiff on February 3, 2017 (Id., ¶ 22). He alleges that "[a]t all times material, Defendant acted with malice and with reckless disregard for Plaintiff's federal protected rights." (Id., ¶ 21). Plaintiff also alleges that Defendants interfered with his ability to use his FMLA leave by failing to notify him of his rights and responsibilities under the statute (Id., ¶ 11).

The Federal Rules of Civil Procedure "strongly favor full discovery whenever possible." Farnsworth v. Proctor & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Rule 26(b)(1) authorizes parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351(1978). A discovery request "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980); see also Deitchman v. E.R. Squibb & Sons, Inc., 740 F.2d 556 (7th Cir. 1984) (If Court is in doubt concerning the relevancy of requested discovery the discovery should be permitted.).

Rule 33 allows parties to serve interrogatories which relate to any matter that may be inquired into under Rule 26(b). Rule 33 directs that each interrogatory be answered "separately and fully in writing under oath." FED. R. CIV. P. 33(b)(3). Similarly, Rule 34 allows parties to serve requests to "inspect, copy, test, or sample [designated documents or electronically stored information] in the responding party's possession, custody, or

control[.]" FED. R. CIV. P. 34(b)(1)(A). A party has 30 days to respond to interrogatories and requests to produce. FED. R. CIV. P. 33(b)(2), 34(b)(2)(A).

A party objecting to a request to produce must state its grounds for objection with specificity. See id. at (b)(4). Objections to discovery must be "plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable." Panola Land Buyers Assoc. v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985) (quoting Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981)). Upon motion, the court may compel a party to answer interrogatories and produce documents and things. See FED. R. CIV. P. 37(a)(3)(B)(iii).

Defendants served Plaintiff with their second request to produce documents and second set of interrogatories on October 2, 2018 (Doc. 31 at 2). Plaintiff had until November 1, 2018 to respond to this discovery. Once the response deadline passed, Defendants sent Plaintiff a deficiency letter advising him that his responses were overdue (Id.). A few days later, they attempted to contact Plaintiff by phone and email and were able to reach his wife who said she was unaware of Plaintiff's whereabouts (Id. at 3). Defendants represent that to this day, they are unable to reach Plaintiff (Id.).

No reason having been shown why Plaintiff should not answer Defendants' interrogatories and comply with their requests for production, the motion to compel is **GRANTED**. Plaintiff shall have **through December 21, 2018** to answer Defendants' interrogatories and comply with their requests for production.

**DONE** and **ORDERED** in Orlando, Florida on December 7, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    *Pro se* Plaintiff